

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

### NO. AP-76,256

**GERALD C. ELDRIDGE, Appellant**

**v.**

**THE STATE OF TEXAS**

### ON DIRECT APPEAL FROM THE DENIAL OF A MOTION REGARDING COMPETENCY TO BE EXECUTED FILED IN CAUSE NO. 9403201 IN THE 178TH DISTRICT COURT HARRIS COUNTY

*Per Curiam*. PRICE, J., *dissents*.

## O P I N I O N

This is a direct appeal of the denial of a Texas Code of Criminal Procedure Article 46.05 motion regarding appellant's competency to be executed filed in the 178th District Court of Harris County, Cause No. 9403201 styled Ex parte Gerald Cornelius Eldridge.

In April 1994, a jury found applicant guilty of the offense of capital murder. The jury answered the special issues submitted pursuant to Texas Code of Criminal Procedure Article 37.071, and the trial court, accordingly, set applicant's punishment at death. This Court

affirmed applicant's conviction and sentence on direct appeal. *Eldridge v. State*, 940 S.W.2d 646 (Tex. Crim. App. 1996). This Court denied relief on applicant's initial post-conviction application for writ of habeas corpus and dismissed his subsequent application on February 9, 2005. *Ex parte Eldridge*, Nos. WR-60,478-01 and WR-60,478-02 (Tex. Crim. App. Feb. 9, 2005)(not designated for publication). On September 24, 2009, applicant filed in the trial court an Article 46.05 motion in which he asserted that he was incompetent to be executed. *See* TEX. CODE CRIM. PROC. Art. 46.05. Appellant's execution is set for November 17, 2009.

After reviewing the record, the trial court found that appellant had failed to make a substantial showing of incompetency as required by Article 46.05. It therefore determined that it was not required to appoint additional experts or hold a hearing on the motion. Upon appellant's request, the record was then sent to this Court for review. *See* Art. 46.05(l). Because appellant's motion was filed before the 20th day prior to his scheduled execution date, this Court has the authority to review the trial court's determination that appellant failed to make a substantial showing.

Having reviewed the record, we hold that the trial court's ruling was supported by the record. Accordingly, we adopt the trial court's findings on the issue of appellant's competency to be executed. No stay of execution need be granted. Further, the mandate of the Court shall issue immediately, and no motions for rehearing shall be entertained.

Do not publish
Delivered: November 16, 2009